# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICE HELLER and MILDRED KAHN,

    Plaintiffs

v.

WILLIAMS & FUDGE, INC.,

    Defendant

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

PATRICE HELLER and MILDRED KAHN (collectively "Plaintiffs), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against WILLIAMS & FUDGE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiffs are natural people and adult individuals residing in Kingston, Pennsylvania 18704.

6. Plaintiff Mildred Kahn ("hereinafter "Plaintiff Kahn") is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff Patrice Heller (hereinafter "Plaintiff Heller") is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its principal office located at 300 Chatham Avenue, PO Box 11590, Rock Hill, South Carolina 29731.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers by using the U.S. mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant contacted Plaintiffs in its attempts to collect an alleged consumer debt.

13. The alleged debt, a student loan through Bank of America, arose out of transactions which were for personal, family, or household purposes.

14. Plaintiffs never incurred any debt in connection with a business or commercial activities and, therefore, the debt, if truly an obligation owed by them could have only arisen from a financial obligation for primarily personal, family or household purposes.

15. The debt Defendant is seeking to collect is a consumer debt.

16. Beginning in or before March 2014, and thereafter, Defendant placed repeated telephone calls to Plaintiffs' home telephone number in its attempts to collect the alleged debt.

17. Plaintiffs regularly received collection calls from Defendant, on average, one (1) to two (2) times a day.

18.   In addition, on or after March 11, 2014, Defendant sent written correspondence to Plaintiff Kahn, advising that it had been retained to "collect the total amount from [her] in connection with a delinquent educational debt" claiming that "the signer of the notes has not made satisfactory arrangements for this outstanding balance" and that "as a co-signer" she was "equally responsible." See Exhibit A, Defendant's March 11, 2014, letter.

19.   The letter was an effort to collect on a consumer debt, i.e. a student loan debt. See Exhibit A.

20.   The letter was sent to Plaintiff Kahn in a clear, plastic window envelope.

21.   Through the window of the envelope, the account number, "Q18185-E," was visible. See Exhibit A.

22.   A debt collector is prohibited from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails…." See 15 U.S.C. § 1692f(8).

23.   The collection letter utilized by Defendant conveyed such information violating the FDCPA. See Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014).

24.   Desiring to stop Defendant's repetitive calls, on more than one occasion, Plaintiffs instruct Defendant to stop calling the home telephone.

25. Defendant, however, failed to update its records to stop the collection calls to Plaintiffs' home telephone.

26. Rather, Defendant persisted calling Plaintiffs on their home telephone despite knowing that they did not want to be contacted.

27. Additionally, Plaintiff Heller instructed Defendant that if they wanted to discuss the account to send her something in writing.

28. To date, Defendant has not sent Plaintiff Heller anything in writing regarding the alleged debt.

29. Defendant's actions as described herein were taken with the intent to abuse, harass, and annoy in connection with the collection of a debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b.     Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiffs home telephone after being told that they did not want to receive collection calls to that number.

## COUNT II

    a.     A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.     Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiffs one (1) to two (2) times a day, as well as continuing to call their home telephone after being told to stop, with the intent to annoy, abuse and harass them.

## COUNT III

    a.     A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.     A debt collector violates § 1692f(8) of the FDCPA by using any

        language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

    c.    Here, Defendants violated §§ 1692f and 1692f(8) of the FDCPA by disclosing Plaintiff Kahn's account number through clear plastic window of an envelope containing a collection letter and failing to update its records to stop the calls to Plaintiffs' home telephone number.

WHEREFORE, Plaintiffs, PATRICE HELLER and MILDRED KAHN, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE those Plaintiffs, PATRICE HELLER and MILDRED KAHN, demand a jury trial in this case.

                                        RESPECTFULLY SUBMITTED,

DATED: November 5, 2014       KIMMEL & SILVERMAN, P.C.

                                        By:  */s/ Craig Thor Kimmel*
                                             CRAIG THOR KIMMEL
                                             Attorney ID #57100
                                             Attorney for Plaintiff
                                             Kimmel & Silverman, P.C.
                                             30 East Butler Pike
                                             Ambler, PA 19002
                                             Phone: (215) 540-8888
                                             Fax:  (877) 617-2515
                                             Email: kimmel@creditlaw.com